UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN WEGENER,

               Plaintiff,                 Case No. 1:20-cv-890

v.                                      Hon. Hala Y. Jarbou

U.S. DEPARTMENT OF EDUCATION,

               Defendant.

_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiff Allen Wegener.  This matter is now before the Court on defendant United States Department of Education's combined motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 9) and plaintiff's combined "Motion of voir dire or default judgment with an amendment complaint" (ECF No. 14).

    **I.**      **Discussion**

    **A.**      **The complaint**

Plaintiff's complaint alleges that defendant has committed multiple instances of fraud, stating in part:

> *The Plaintiff now comes before this Court to file his lawsuit against the United States Department of Education for fraud*, while the Plaintiff's Credit Bureau Agency state [sic] that his credit is stellar, the Department of Education commits fraud by reporting to Bank Agencies that the Plaintiff still owes on his Student Loans.

> *The Department of Education commits fraud* by continually selling his consolidated loans there by different [sic] Department of Education can make money off this by selling his loans.

The when the Department of Education wants to keep making money off of selling these loans someone makes a payment on them and it looks like the Plaintiff is making payments. . . .

Even thought the Plaintiff had believed these loans were dissolved in 2015 *Defendants continue to commit fraud* from hiding them from the credit bureaus while still reporting them to the financial institutions.

Once more, *the Department of Education commits fraud* because the Plaintiff unbeknown to him [sic] earned his Bachelor's of Theology Degree in <u>1992</u>, so, if the Plaintiff obtained a Bachelor's Degree back then, why did the Department of Education continue to give me Pell Grants for nearly "10" years?

*Fraud is written all over this Plaintiff's student loans* . . .

*The Department of Education commits fraud* for not allowing the Plaintiff to even obtain a "work study" program that would relate to his field of interest. *They commit fraud* by not allowing the Plaintiff who earned good grades was not [sic] given scholarships to help pay for his education thereby forcing him to making more student loans to pay for his education.

*Since the Department of Education has committed fraud* by selling his student loans to make money off of them while pretending that the Plaintiff is paying them off on time to the Credit Bureau agencies and then reporting the defaulted loans to financial institution.

*This is fraud found in 8 U.S. Code Section 1324c for documents fraud.*

Compl. (ECF No. 1, PageID.1-2) (emphasis added).   In his civil cover sheet, plaintiff demands

$250,000.00 in damages.  Cover Sheet (ECF No. 1-2).

### B.    Plaintiff's motion (ECF No. 14)

Plaintiff has filed a combined motion which refers to choosing a jury, requesting a

default judgment, and amending the complaint.  Plaintiff has not set out a coherent argument for

relief.  In this regard, plaintiff has not filed a supporting brief as required by W.D. Mich. LCivR

7.1(a) which requires that "[a]ll motions, except those made orally during a hearing or trial, shall

be accompanied by a supporting brief" which "shall contain a concise statement of the reasons in

support of the party's position and shall cite all applicable federal rules of procedure, all applicable

local rules, and the other authorities upon which the party relies." For this reason alone, plaintiff's motion can be denied.

Plaintiff's motion also fails on the merits. Plaintiff does not address any particular amendment to the complaint. There is no basis for a default judgment because no default has been entered against defendant pursuant to Fed. R. Civ. P. 55(a); on the contrary, defendant has filed a motion to dismiss. Finally, the issue of a jury trial has been settled; the docket sheet reflects that plaintiff made a jury demand. Accordingly, plaintiff's motion (ECF No. 14) should be denied.

### C.    Defendant's combined motion to dismiss (ECF No. 9)

### 1.    Plaintiff did not file a response to the motion

Defendant's combined motion to dismiss is unopposed. The Court may grant the motion on this basis alone. W.D. Mich. LCivR 7 requires a party to demonstrate its opposition to another party's motion.  *See* W.D. Mich. LCivR 7.1(a) ( "[a]ny party opposing a written motion *shall* do so by filing and serving a brief conforming to these rules") (emphasis added); W.D. Mich. LCivR 7.2(c) ("[u]nless otherwise ordered, any party opposing a dispositive motion *shall*, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials") (emphasis added). A plaintiff's failure to file a response to a motion to dismiss can be deemed a waiver of opposition to the relief sought in the motion. *See Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (listing cases including *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.2008) (holding that the defendant waived any argument on the issue by failing to oppose a motion to dismiss) and *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose

a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion")).

### 2. Plaintiff has failed to state a claim

In addition, plaintiff's complaint should be dismissed on the merits. Defendant's combined motion raises two theories to support dismissal: lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Rather than address the jurisdictional question at the outset, defendant contends that plaintiff's complaint fails to state a claim for relief. Defendant's Brief at PageID.32. The Court does not need to look any further than this argument.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus,

4

"an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Plaintiff brought his fraud claims pursuant to 8 U.S.C. § 1324c, a statute setting forth the penalties for document fraud in the context of certain immigration matters.  *See, e.g., United States v. Copsy*, No. CRIM A 06-42 DLB, 2006 WL 2540372 at *3 (E.D. Ky. Aug. 31, 2006).  Plaintiff's claim fails because this lawsuit does not involve an immigration issue.  In rejecting a similarly meritless claim involving unlawful termination, one court stated:

> [T]o the extent that Plaintiff intends to pursue this claim, it fails for multiple reasons.  First 8 U.S.C. § 1324c, a section of the Immigration and Nationality Act, prohibits creating, possessing, or using fraudulent immigration documents; the provisions of this statute are plainly inapplicable to Plaintiff's allegations. In addition, 8 U.S.C. § 1324c does not provide a litigant with a private cause of action. *See Harris v. United States Postal Serv.*, No. 16-6474, 2019 WL 3068317, at *6 n.10, 2019 U.S. Dist. LEXIS 118366, at *13 n.10 (D.N.J. July 12, 2019) ("8 U.S.C. § 1324c does not create a private right of action.") (citing *United States v. Richard Dattner Architects*, 972 F. Supp. 738, 743-44 (S.D.N.Y. 1997)). Thus, Plaintiff's 8 U.S.C. § 1324c claim is dismissed with prejudice.

*Mateo v. First Transit Inc.*, No. CV 19-17302, 2020 WL 4013547 at *4 (D.N.J. July 16, 2020).

Finally, it is futile for plaintiff to attempt to amend his complaint.  Plaintiff's claim is subject to the Federal Tort Claims Act ("FTCA") which waives the United States' immunity for certain tort claims.  *See* 28 U.S.C. § 2671 *et seq*.  However, the FTCA excludes fraud and misrepresentation claims. *See* 28 U.S.C. § 2680(h) (excluding "[a]ny claim arising out of  .  .  . misrepresentation, deceit, or interference with contract rights").  In short, "courts have consistently held that fraud claims against the government are not permitted under the FTCA." *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (citing cases). *See also, Sutton v. United States Small Business Administration*, 92 Fed. Appx. 112, 124 (6th Cir. 2003) (the plaintiffs' allegation that the SBA fraudulently altered a mortgage was barred because the allegation falls within the exception to sovereign immunity in 28 U.S.C. 2680(h)).  For all of these

reasons, plaintiff's claim that the defendant committed fraud in violation of 8 U.S.C. § 1324c

should be dismissed with prejudice.

## II.    RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's combined motion (ECF No.

14) be **DENIED**, that defendant's combined motion to dismiss (ECF No. 9) be **GRANTED**, and

that this case be **DISMISSED**.


Date    April 27, 2021                    /s/ Ray Kent
                                          Ray Kent
                                          U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).