UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN WEGENER,

    Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION,

    Defendant.
_____/

Case No. 1:20-cv-890

Hon. Hala Y. Jarbou

## **ORDER**

This is a pro se action claiming fraud under 8 U.S.C. § 1324c. On April 27, 2021, the magistrate judge entered a report and recommendation (R&R) recommending that the Court (1) deny Plaintiff's motion for a jury trial and for a default judgment and (2) grant Defendant's motion to dismiss (R&R, ECF No. 15). Plaintiff has responded to the R&R with a renewed motion for a jury trial and for a default judgment (ECF No. 16).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff does not identify any error in the R&R and the Court discerns none. For the reasons discussed in the R&R, Plaintiff waived his opposition to dismissal and his complaint fails

to state a claim. Accordingly, he is not entitled to a jury trial. Moreover, as explained in the R&R, he is not entitled to a default judgment because Defendant properly responded to his complaint.

Plaintiff alludes to the possibility of filing an amended complaint; however, it is not clear what amendments he would make that would save his action from dismissal. Plaintiff asserts that he has been the victim of identity theft because someone is using a "similar" social security number to "defraud him from his student loans." (Pl.'s Mot., ECF No. 16, PageID.52.) But Plaintiff does not explain how or why the actions of a third party would give Plaintiff a right to relief from the United States Department of Education.

Plaintiff refers to the Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028, but that act is a criminal statute. It does not give Plaintiff a personal right to relief. Moreover, as a private citizen, Plaintiff "lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). In other words, he lacks the authority to enforce criminal statutes or to compel others to do so.

Plaintiff states, without factual support, that Defendant is aware of the identity theft and that he "wants to know why it is taking the Defendant[] so long to decide what to do about this situation" (*id.*); however, not every dispute gives rise to a cognizable claim. Without an identifiable claim against Defendant, Plaintiff cannot proceed with this lawsuit.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 15) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a jury trial and for a default judgment (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's renewed motion for a jury trial and for a default judgment (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 9) is **GRANTED** for the reasons set forth in the R&R.

A judgment will enter in accordance with this Order.

Dated:  May 27, 2021                                    /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    UNITED STATES DISTRICT JUDGE